UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| WILLIAM F. STAMPER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 1:03-CV-373/1:02-CR-86 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

This matter comes before the Court on the motion of *pro se* petitioner William F. Stamper ("Petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Court File No. 1). Petitioner filed a brief in support of his motion (Court File No. 2). Pursuant to the Court's Order (Court File No. 3), the Government filed a response to Petitioner's motion (Court File No. 9). Petitioner filed a reply (Court File No. 11). Further, in response to the Court's order (Court File No. 14), the Government filed a supplemental response (Court File No. 15). After careful consideration of the motion and briefs and for the reasons discussed below, the Court will **GRANT** Petitioner's motion to vacate, set aside, or correct his sentence.[1]

I.  **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

---

[1]In accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court has considered all of the pleadings and filings in petitioner's § 2255 motion filed herein, which will be cited by the Court File Number assigned to the particular pleading or motion (*e.g.*, "Court File No. 1"), and all the files, records, transcripts, and correspondence relating to Petitioner's conviction in Criminal Docket No. 1:02-CR-86, which will be referred to by the Court File Number assigned to the particular matter in the underlying criminal case (*e.g.*, "Crim. Court File No. 1").

On January 8, 2002 officers of the Chattanooga Police Department executed a state search warrant at Petitioner's residence in Chattanooga, Tennessee (Presentence Investigation Report ("PSR") ¶ 11). During their search, the officers found a loaded pistol, five grams of crack, twenty-five grams of powder cocaine, miscellaneous drug paraphernalia, and $3,480 in cash (PSR ¶ 11). Petitioner was arrested and on June 25, 2002 a grand jury indicted Petitioner for (1) possession of cocaine hydrochloride with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (Count I); possession of a mixture and substance containing cocaine base with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count II); (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count III); and (4) being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) (Count IV) (PSR ¶¶ 1, 5-8; Crim. Court File No. 2).

On July 31, 2002 the Government filed a notice of intent to use a prior conviction to impeach and enhance Petitioner's sentence pursuant to 21 U.S.C. § 851 (Crim. Court File No. 11). Shortly thereafter, Petitioner filed a motion to suppress all evidence gathered in the January 8, 2002 search of his residence (Crim. Court File No. 12). Petitioner challenged the validity of the search warrant arguing there was no probable cause to support the issuance of the search warrant (*Id.* at pp. 2-5). The Court rejected Petitioner's argument and denied Petitioner's motion to suppress (Crim. Court File No. 23). A few months later, Petitioner pleaded guilty to Count Four of the indictment and the Government agreed to move to dismiss the other three counts of the indictment (Crim. Court File No. 31).

After Petitioner pleaded guilty, a Presentence Investigation Report ("PSR") was prepared. Petitioner's adjusted base offense level was thirty pursuant to United States Sentencing Guidelines

Manual ("U.S.S.G.") § 2K2.1 (PSR ¶¶ 16-23). However, Petitioner was considered an armed career criminal as defined in U.S.S.G. § 4B1.4 because he had a prior conviction for aggravated assault and three prior convictions under Tennessee law for felonious sale of crack or powder cocaine (PSR ¶¶ 29-31, 33). Therefore, the offense level was adjusted to thirty-four (PSR ¶ 24). Petitioner's offense level was then adjusted down three levels for acceptance of responsibility (PSR ¶ 25) and the total offense level was thirty-one (PSR ¶ 26). Petitioner had a criminal history category of VI (PSR ¶¶ 38-39). Therefore, Petitioner's Guideline range for imprisonment was 188-235 months (PSR ¶ 66). No objections to the PSR were raised by Petitioner. On April 4, 2003 Petitioner was sentenced to a term of 211 months imprisonment (Crim. Court File No. 32). A final judgment was entered on April 18, 2003 (Crim. Court File No. 33). Petitioner requested his counsel to file a direct appeal but no notice of appeal was ever filed.[2]

Petitioner filed this Petition to vacate, set aside, or correct his conviction pursuant to 28 U.S.C. § 2255 on October 29, 2003 (Court File No. 1). The Petition was timely filed within the statutory one-year limitation period. 28 U.S.C. § 2255(1).[3]

---

[2] The Court is accepting Petitioner's version of the facts since he has asserted these facts and because the Government has failed to challenge them. In doing so the Court recognizes these facts may not be accurate. By accepting Petitioner's version of the facts for purposes of this motion, the Court is not concluding counsel actually rendered ineffective assistance of counsel. The Court has had a number of cases with counsel and the Court knows her to be an experienced, capable and conscientious advocate for her clients.

[3] 28 U.S.C. § 2255, provides, in part:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3

Having reviewed the materials thus submitted, together with the complete record of the underlying criminal case, the Court finds the Government has failed to show Petitioner did not request his appointed counsel to file an appeal after being instructed by Petitioner to do so. Accordingly, Petitioner is entitled to relief. The Court will decide the matter without an evidentiary hearing. *See* Rule 8 Governing Section 2255 Proceedings; *Cf. United States v. Anderson*, 2005 WL 1745478 (S.D. Ohio July 22, 2005) (slip opinion) (granting a § 2255 petition without an evidentiary hearing where the Government did not contest the petitioner's allegation that her counsel failed to file an appeal after the petitioner requested counsel to do so).

## II. **DISCUSSION**

Section 2255 of Title 28 of the United States Code permits a prisoner in custody under sentence of a federal court to move the court which imposed the sentence to vacate, correct, or set aside that sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. This Court has jurisdiction under 28 U.S.C. § 1331. Petitioner has the burden of establishing any claim asserted in the petition. *See Bowers v. Battles,* 568 F.2d 1 (6th Cir. 1977); *Mayes v. United States,* 93 F. Supp. 2d 882, 886 (E.D. Tenn. 2000).

---

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

4

Where a constitutional error is alleged, in order to obtain relief under § 2255 the record must reflect a constitutional error of such magnitude it had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 113 S. Ct. 1710, 1721-22, 123 L. Ed. 2d 353 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). "To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process.'" *Gail v. United States*, 21 F.3d 107, 109 (6th Cir. 1994) (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)).

Petitioner asserts he was denied ineffective assistance of counsel in violation of the United States Constitution because:

(1) Counsel did not file an appeal after being instructed to do so (Court File No. 1, Ground Four);

(2) Counsel did not challenge the type of surveillance used by the police to obtain a search warrant (*Id.*, Ground One);

(3) Counsel did not challenge the reliability of the informant used to obtain a search warrant (*Id.*, Ground One);

(4) Counsel failed to object to Petitioner's status as an armed career criminal (*Id.*, Ground Two);

(5) Counsel did not attempt to join his prior drug offenses for enhancement purposes (*Id.*, Ground Three);

(6) Counsel did not investigate the facts surrounding the prior state convictions (*Id.*, Grounds Two and Three).

The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective

5

Case 1:03-cv-00373   Document 16   Filed 12/22/05   Page 5 of 10   PageID #: 15

assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687, 104 S. Ct. at 2064. As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the petitioner. *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985).

In considering the first prong of the test set forth in *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690, 104 S. Ct. at 2066. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S. Ct. 2574, 2586, 91 L. Ed. 2d 305 (1986).

The second prong of the *Strickland* test requires the petitioner show counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had

6

no effect on the judgment." *Strickland,* 466 U.S. at 691, 104 S. Ct. at 2066. The *Strickland* test, however, must be adjusted in cases where a defendant has pled guilty instead of being found guilty after a trial. *Thomas v. Foltz,* 818 F.2d 476, 480 (6th Cir.), *cert. denied,* 484 U.S. 870 (1987). To successfully challenge a guilty plea on the ground of ineffective assistance of counsel, Petitioner must show a reasonable probability that, but for counsel's errors, Petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996), *cert. denied*, 519 U.S. 1132 (1997); *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994); *Sullivan v. United States*, 11 F.3d 573, 576 (6th Cir. 1993); *United States v. Smith*, 981 F.2d 887, 894 (6th Cir. 1992).

The *Strickland* Court further held both prongs must be established in order to meet the claimant's burden, and if either prong is not satisfied the claim must be rejected, stating:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069.

### A. Failure to File an Appeal

Petitioner contends he was denied effective assistance of counsel when his counsel failed to file an appeal as requested (Court File No. 2, pp. 12-13). Petitioner states he spoke with counsel immediately after he was sentenced and "plainly instructed" her to file an appeal (*Id.* at p. 12). In response, counsel told Petitioner "in her opinion an appeal would not be in his best interest" (*Id.* at

7

12-13). Despite counsel's response, Petitioner "continue[d] to request that an appeal be file[d]..." (*Id.* at 13).

In order to show his attorney performed deficiently in failing to file a notice of appeal, Petitioner must demonstrate either (1) counsel disregarded Petitioner's express instructions to file a notice of appeal; or (2) counsel failed to consult with Petitioner about an appeal where she knew or should have known Petitioner might want to appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). *See also Higbee v. United States*, 2001 WL 1176392, at *1 (6th Cir. Sept. 26, 2001) (unpublished opinion). Petitioner appears to concede he consulted with counsel about the possibility of an appeal, but contends counsel ignored his request to file an appeal. If such an express request was made and ignored, counsel conduct would be deemed professionally unreasonable. *See Flores-Ortega*, 528 U.S. at 477-78; *see also Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) ("the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment").

The Government does not contest Petitioner's version of the facts (Court File No. 15, p. 4). Instead, the Government argues "a lawyer...who is instructed to file a notice of appeal and who thereafter consults with his client and accurately advises him that an appeal is not in his interest, acts in a professionally reasonable manner and is not constitutionally ineffective" (Court File No. 15, p. 4). In support of this argument, the Government cites *Higbee v. United States*, 2001 WL 1176392 (6th Cir. Sept. 26, 2001). The Government's reliance on *Higbee* is misplaced. In *Higbee*, the defendant consulted with his attorney about a possible appeal. The attorney made it clear he was not going to file an appeal. The Sixth Circuit explained counsel provided effective assistance of counsel because he consulted with his client about a possible appeal. The Sixth Circuit noted, however, that

8

the defendant never claimed he gave his counsel express instructions to file an appeal. *Higbee*, 2001 WL 1176392, at * 1. In the current case, unlike *Higbee*, Petitioner claims he expressly instructed counsel to file an appeal before and after counsel consulted with Petitioner about filing an appeal.

The Government also argues counsel provided effective assistance of counsel, despite her failure to file an appeal on Petitioner's behalf, because there was no legal basis for an appeal (Court File No. 9, p. 17). This argument has been squarely rejected by the Sixth Circuit. *See Ludwig*, 162 F.3d at 459 (stating "the failure to perfect a direct appeal when requested by the defendant violates the Sixth Amendment *without regard to the probability of success on appeal*"and explaining the *Strickland* prejudice prong is presumed when a lawyer fails to file a requested appeal (emphasis added)).

In light of the above, the Court concludes Petitioner was denied effective assistance of counsel when counsel failed to file a direct appeal after Petitioner requested her to file one. Therefore, the Court will **GRANT** Petitioner's § 2255 motion on this ground.

### B. Remaining Ineffective Assistance of Counsel Claims

The Court believes it is unnecessary to address Petitioner's remaining ineffective assistance of counsel claims because the underlying arguments and/or ineffective assistance of counsel claims may be raised on appeal. However, if any of Petitioner's claims are not addressed on appeal, or if Petitioner wishes to raise the same claims in the future, he may simply file another § 2255 motion which will count as a "first" § 2255 motion. *Johnson v. United States*, 362 F.3d 636, 638 (9th Cir. 2004); *In re Olabode*, 325 F.3d 166, 173 (3d Cir. 2003); *McIver v. U.S.*, 307 F.3d 1327, 1330 (11th Cir. 2002); *In re Goddard*, 170 F.3d 435, 438 (4th Cir. 1999); *Shepeck v. United States*, 150 F.3d 800, 801 (7th Cir. 1998); *United States v. Scott*, 124 F.3d 1328, 1330 (10th Cir. 1997); *Cantrell v.*

*United States*, 123 F. Supp. 2d 427, 427-29 (M.D. Tenn. 2000); *But see United States v. Orozco-Ramirez*, 211 F.3d 862 (5th Cir. 2000); *Pratt v. United States*, 129 F.3d 54 (1st Cir. 1997). Accordingly, the Court will **DISMISS** Petitioner's remaining claims **WITHOUT PREJUDICE**.

### III.    CONCLUSION

For the reasons stated above, the Court holds Petitioner's Sixth Amendment right to effective assistance of counsel was violated when counsel failed to file a notice of appeal. Therefore, the Court will **GRANT** Petitioner's 28 U.S.C. § 2255 motion with respect to the direct appeal issue and allow Petitioner an out-of-time appeal. However, the Court will **DISMISS** Petitioner's remaining claims **WITHOUT PREJUDICE**.

An Order shall enter.

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**